## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| OLIVER CLIFTON HUDSON, | Civil Action No. 20-7491 (RBK) |
| Petitioner, | |
| v. | **OPINION AND ORDER** |
| DAVID E. ORTIZ, | |
| Respondent. | |

Before the Court is Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  In accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b) of the Rules Governing Section 2254 Cases, this Court has screened the Petition for dismissal and determined, *with the following caveats*, that dismissal without an answer and the record is not warranted.

That said, the Court will *only* permit Petitioner's claims related to the COVID-19 pandemic to proceed.[1]  As to the remainder of the Petition, Petitioner alleges that he is a citizen of the State of Maryland who is unlawfully imprisoned in New Jersey.  Petitioner claims to have never received notice of his crime of conviction and that he is in FCI Fort Dix solely at the pleasure of its warden.

Petitioner is not wrongfully imprisoned in a federal prison.  After a jury trial, he was convicted of federal crimes in the District of Maryland in November of 2005, and that court entered judgment in February of 2006, sentencing Petitioner to thirty years in prison. (*See United States v. Hudson*, Crim. No. 04-00578, (D. Md.), ECF Nos. 175, 205).

---

[1] Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, a federal prisoner ordinarily may not bring a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the execution of his sentence, until he has exhausted all available administrative remedies. *See, e.g., Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000).  The Court finds that the circumstances as stated *may* excuse Petitioner's failure to exhaust and are sufficient, at least, to survive screening.

Consequently, to the extent that Petitioner claims he never received notice of his crime of conviction and is unlawfully imprisoned, the Court will deny those claims. The remainder of the Petition may proceed.

Accordingly, IT IS on this 24th  day of June 2020,

**ORDERED** that to the extent Petitioner claims he never received notice of his crime of conviction and is unlawfully imprisoned, those claims are DENIED; and it is further

**ORDERED** that the Clerk shall serve a copy of the Petition, (ECF No. 1), and this Opinion and Order upon Respondent by regular mail, with all costs of service advanced by the United States; and it is further

**ORDERED** that the Clerk shall forward a copy of the Petition, (ECF No. 1), and this Opinion and Order to the Chief, Civil Division, United States Attorney's Office, at the following email address:  USANJ-HabeasCases@usdoj.gov; and it is further

**ORDERED** that within ten (10) days of the date of the entry of this Order, Respondent shall file and serve an expedited answer or motion, which responds to the remaining allegations and grounds in the Petition and which includes all affirmative defenses Respondent seeks to invoke; and it is further

**ORDERED** that Respondent shall file and serve with the expedited answer or motion, certified copies of all documents necessary to resolve Petitioner's claim(s) and affirmative defenses; and it is further

**ORDERED** that within ten (10) days of receipt of the expedited answer or motion, Petitioner may file a reply to Respondents' submission; and it is further

**ORDERED** that within seven (7) days of Petitioner's release, be it parole or otherwise, Respondent shall electronically file a written notice of the same with the Clerk; and it is further

2

**ORDERED** that the Clerk of the Court shall serve a copy of this Opinion and Order upon Petitioner by regular U.S. mail.

                           s/Robert B. Kugler
                          ROBERT B. KUGLER
                          United States District Judge