UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OLIVER CLIFTON HUDSON, | : |
| Petitioner, | : Civ. No. 20-7491 (RBK) |
| v. | : |
| DAVID E. ORTIZ, | : **OPINION** |
| Respondent. | : |

**ROBERT B. KUGLER, U.S.D.J.**

Petitioner, an inmate at FCI Fort Dix, in Fort Dix, New Jersey, filed a Petition under 28 U.S.C. § 2241. (ECF No. 1). Respondent filed an Answer, (ECF No. 4), and Petitioner did not file a reply. For the reasons discussed below, the Court will dismiss the Petition for lack of jurisdiction.

I.  BACKGROUND

The Court gleans from the limited allegations, that this case arises from the conditions of Petitioner's incarceration at Fort Dix and the COVID-19 pandemic. In November of 2005, after a trial, a jury convicted Petitioner of federal crimes in the District of Maryland, and that court entered judgment in February of 2006, sentencing Petitioner to thirty years in prison. (*See United States v. Hudson*, Crim. No. 04-578, (D. Md.), ECF Nos. 175, 205).

Petitioner contends that Fort Dix houses him in "COVID-19 infested conditions without social distancing and force[d] communal living." (ECF No. 1, at 9). Petitioner is a 65-year-old man with severe asthma, hypertension, and an immune system compromised with Hepatitis C. He alleges that he is "unprotected, denied social distance and [is] daily sharing a space with [a] minimum of 280 men . . . A perfect storm to spreed[sic] infection; and for [the] Elderly with 3 pre-

conditions, is death." (*Id*. at 10). According to the Bureau of Prisons' ("BOP") records, Petitioner has never filed an administrative grievance regarding any of these issues.

On or about June 19, 2020, Petitioner filed the instant Petition, arguing among other things, that the conditions of his confinement are unconstitutional. In terms of relief, it appears that Petitioner only seeks his immediate release.

On June 26, 2020, the Court denied Petitioner's claim that he never received notice of his crime of conviction and was therefore, unlawfully imprisoned, but allowed Petitioner's COVID-19 related claims to proceed. (ECF No. 2).

Respondent filed an Answer, (ECF No. 4), and Petitioner did not file a reply. Respondent contends that this Court lacks jurisdiction under § 2241 to hear Petitioner's remaining claims. In the alternative, Respondent contends that the Court should deny the Petition for Petitioner's failure to exhaust his administrative remedies.

## II.     STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified." 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b). A court addressing a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there." 28 U.S.C. § 2243.

Thus, "[f]ederal courts . . . [may] dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland*, 512 U.S. at 856. More specifically, a district court may "dismiss a [habeas] petition summarily when it plainly appears from the face of the petition

and any exhibits . . . that the petitioner is not entitled to relief." *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

## III. DISCUSSION

### A. Jurisdiction under § 2241

First, Respondent argues that this Court lacks jurisdiction under § 2241 because Petitioner's claims do not fall within the "core of habeas." (ECF No. 4, at 5). Under § 2241(c)(3), "[t]he writ of habeas corpus shall not extend to a prisoner unless . . .. He is in custody in violation of the Constitution or laws or treaties of the United States." In other words, a petitioner must satisfy: "the status requirement that the person be 'in custody,' and the substance requirement that the petition challenge the legality of that custody on the ground that it is 'in violation of the Constitution or laws or treaties of the United States.'" *See, e.g.*, *Wilson v. Montgomery Cty., Pa.*, No. 09-0371, 2009 WL 1322362, at *4 (D.N.J. May 12, 2009) (quoting 28 U.S.C. § 2241(c)(3)) (citing *Maleng v. Cook*, 490 U.S. 488, 490 (1989)).

"Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 [or *Bivens*] action." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citation omitted). "[U]nless the claim would fall within the 'core of habeas' and require sooner release if resolved in the plaintiff's favor, a prison confinement action . . . is properly brought under § 1983" or a *Bivens* action. *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002). Stated differently, "'when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction,' a civil rights action is the proper method to seek relief." *Chaparro v. Ortiz*, No. 20-5272, 2020 WL 4251479, at *2 (D.N.J. July 24, 2020) (quoting *Leamer*, 288 F.3d at 542).

Typically, § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). "Examples of habeas claims that affect the duration of confinement include parole challenges, loss of good time credits and incorrect sentence calculations." *Wragg v. Ortiz*, No. 20-5496, ____ F. Supp. 3d ____, 2020 WL 2745247, at *14 (D.N.J. May 27, 2020); *see also Chaparro*, 2020 WL 4251479, at *2.

With those principles in mind, the Court finds that Petitioner's pandemic related claims do not sound in habeas. The Court will construe the Petition to argue that Petitioner's pre-existing conditions, combined with Fort Dix's allegedly insufficient response to COVID-19, makes his detention at the facility unconstitutional.

As a general matter, Petitioner's challenges to the conditions of his confinement do not challenge the fact or duration of his custody, *i.e.*, his *conviction or sentence*, as unconstitutional. "Rather, his allegations are that the *conditions* of his confinement are unconstitutional under," presumably, the Eighth Amendment. *See Turner v. Ortiz*, No. 16-9553, 2017 WL 1955330, at *2 (D.N.J. May 11, 2017) (emphasis in original); *cf. Eiland v. Warden Fort Dix FCI*, 634 F. App'x 87, 89 (3d Cir. 2015) (holding that claims of inadequate medical care "do not sound in habeas corpus").

Stated differently, because a finding in Petitioner's favor, such as a finding that the conditions at Fort Dix constitute cruel and unusual punishment "would not alter his sentence or undo his conviction,"[1] he cannot proceed on these claims by habeas petition. *Leamer*, 288 F.3d at 542; *see, e.g.*, *Levi v. Ebbert*, 353 F. App'x 681, 681 (3d Cir. 2009).

---

[1] Such a finding "'would not necessarily imply that [Petitioner] would serve a shorter sentence.'" *See Gillette v. Territory of Virgin Islands*, 563 F. App'x 191, 195 (3d Cir. 2014) (quoting *Leamer*, 288 F.3d at 543); *Wragg*, 2020 WL 2745247, at *18–19. The proper remedy could be home confinement, transfer to a safer facility, or an injunction addressing the conditions at the facility,

The COVID-19 pandemic and Fort Dix's alleged failures regarding the pandemic, do not change that conclusion. Indeed, the Honorable Renée Marie Bumb recently dismissed a putative class action under § 2241, raising claims like Petitioner's, on behalf of the "medically vulnerable" inmates at Fort Dix. *Wragg*, 2020 WL 2745247. After discussing the general differences between habeas and civil rights actions, Judge Bumb observed that the Supreme Court, in *dicta*, left open the possibility of prisoners challenging the conditions of their confinement, in exceptional circumstances, through a habeas petition. *See id.* at *15 (citing *Bell v. Wolfish*, 441 U.S. 520, 526 n.6 (1979); *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973)). Nevertheless, "neither the Supreme Court nor the Third Circuit has ever recognized any exceptional circumstance that would allow Petitioners to challenge their conditions of confinement in a habeas petition." *Id.* (citing *Muhammad*, 540 U.S. at 751 n.1).

Indeed, despite allegations that prisoners "were held in tiny, empty, constantly lighted cells for over 23 hours per day without basic hygiene, and subjected to physical abuse, including broken bones, and verbal abuse, including sexual and religious insults," the Supreme Court, in *Ziglar v. Abassi*, did not find that habeas relief was available "'to remove the restraints making the custody illegal.'" *Id.* at *18–19 (quoting *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1853 (2017)). Judge Bumb reasoned that *Abassi*, "is telling of just how extraordinary the case must be for habeas jurisdiction to lie before a prisoner may be released from lawful custody based on a condition of confinement." *Id*.

---

but not release from custody. *See Gillette*, 563 F. App'x at 195 ("Allowing this type of clever pleading would essentially permit a prisoner to bring any claim within the scope of habeas relief by merely asking for release from custody, thus eviscerating the applicability of civil rights statutes like § 1983."); *Wragg*, 2020 WL 2745247, at *18–19.

"To be fair, Petitioners' fear of contracting COVID-19 is not unwarranted. Such a fear permeates American society, and in a prison environment such fears are most likely heightened. But nothing in the Complaint rises to the level of circumstances that warrant habeas relief." *Id.* at \*19. As a result, "Judge Bumb declined to find that the mere threat of exposure to COVID-19 was such an exceptional circumstance and dismissed for lack of habeas jurisdiction." *Dobson v. Warden*, No. 20-5519, 2020 WL 4035446, at \*2 (D.N.J. July 17, 2020).

This Court finds Judge Bumb's reasoning to be persuasive. Consequently, to the extent Petitioner argues "that the threat of COVID-19 exposure in and of itself makes Petitioner's confinement in Fort Dix unconstitutional, the Court does not have jurisdiction under § 2241," to hear his claims. *Chaparro*, 2020 WL 4251479, at \*3 (concluding similarly); *Cavigliano*, No. 20-5949, 2020 WL 4218008, at \*2 (D.N.J. July 23, 2020) (same); *Dobson*, 2020 WL 4035446, at \*3 (same).

### B. Failure to Exhaust

That said, even if this Court had jurisdiction, the Court would deny these claims because Petitioner has failed to exhaust his administrative remedies. Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, a federal prisoner may not ordinarily bring a § 2241 petition, challenging the execution of his sentence, until he has exhausted all available administrative remedies. *See, e.g.*, *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000). According to the BOP's records, Petitioner has never filed an administrative grievance regarding his claims. Petitioner did not file a reply and does not allege any facts that would permit the Court to find that exhaustion would be futile or that requiring exhaustion would subject Petitioner to irreparable injury. Consequently, the Court would also deny the remainder of the Petition for Petitioner's failure to exhaust his administrative remedies.

## IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss the remainder of the Petition for lack of jurisdiction.  An appropriate Order follows.


Dated:  August  12 , 2020                              s/Robert B. Kugler
                                                       ROBERT B. KUGLER
                                                       United States District Judge